McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

Aaron G. McCollough
Direct: 312.849.8256

McGUIREWOODS

amccollough@mcguirewoods.com

September 7, 2021

**VIA ELECTRONIC MAIL**

Donald W. Clarke, Esq.
GENOVA BURNS LLC
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
dclarke@genovaburns.com

    Re:    *In re Affiliated Physicians and Employers Master Trust*, Case No. 21-14286;
            Notice of Processing Claims and Reservation of Rights; Notice of Default

Dear Don:

    Reference is made to the Master Services Agreement (MSA-141890), effective as of July 1, 2019 (as amended and supplemented, the "MSA"), by and between Affiliated Physicians and Employers Master Trust ("APEMT") and Aetna Life Insurance Company (together with its affiliated entities, "Aetna").

    Aetna hereby gives notice that APEMT is in default under the MSA by failing pay Aetna the July 2021 administrative service fees in the amount of $570,041.32 (the "Service Fees") as and when due under the MSA. Pursuant to Section 17(B)(2) of the MSA, as a result of APEMT's failure to pay Aetna's Service Fees, Aetna is entitled to terminate the MSA unless APEMT cures the default by paying the Service Fees in full within ten (10) business days from the date hereof. In the event APEMT fails to timely cure this default, Aetna intends to seek prompt relief from the automatic stay (to the extent applicable) to effectuate termination of the MSA. Additional payment defaults, including with respect to (i) August 2021 administrative service fees, (ii) pharmacy claim funding requests, and (iii) other accrued fees and charges, may be outstanding, and Aetna's demand for payment of the Service Fees herein is not a waiver of any other payment default.

    In addition to this payment default, as you know, after APEMT advised Aetna in early July 2021 that APEMT could not pay its self-funded medical claims ("Medical Claims") on a current basis, Aetna temporarily suspended processing of Medical Claims as an accommodation to APEMT to allow APEMT time to craft a framework to fund all of its Medical Claims obligations. To date, nearly 60 days after suspension of processing, APEMT has not provided any viable framework to Aetna. **In this period, the pended Medical Claims have increased exponentially in both volume and dollar amount, now comprising more than 40,000 pended Medical Claims seeking payment of more than $100 million in billed charges**. The volume and amount of pended Medical Claims continue to increase materially each day.

After refusing to incorporate any of Aetna's requests, APEMT filed its *Small Business Debtor's Plan of Orderly Liquidation* (Docket No. 128) (the "<u>Plan</u>").  The Plan proposes to terminate the MSA effective as of December 31, 2021, and APEMT appears to contemplate that Aetna will provide runoff claim services for some indefinite period after such termination.  Aetna has not agreed to this treatment, and Aetna believes the Plan is patently unconfirmable as drafted.

Given the extraordinary accumulation of pended Medical Claims, the failure of APEMT to make meaningful progress toward complying with the MSA, and the defective treatment set forth in the proposed Plan, it is now readily apparent that APEMT will not be in a position to meet its obligations under the MSA.  Aetna cannot pend Medical Claims indefinitely.  The Medical Claims must be adjudicated and funded or denied for lack of funding.

Please be advised that Aetna is removing the temporary suspension of Medical Claims processing and will resume processing Medical Claims in batches effective immediately.  Pursuant to Paragraph 5 of the MSA, APEMT is required to reimburse Aetna for the processed Medical Claims within twenty-four (24) hours of Aetna's funding request.  Failure to timely fund Medical Claims obligations constitutes a default under the MSA entitling Aetna to terminate, and Aetna intends to seek prompt relief from the automatic stay (to the extent applicable) to effectuate termination of the MSA in the event of any such non-payment.

Aetna notes that the "Initial Term" of the MSA commenced on July 1, 2019, and continues for sixty-six (66) months after that date.  Pursuant to Section 17(a) of the MSA, APEMT is not entitled to terminate the MSA unilaterally prior to the conclusion of the Initial Term.  Further, pursuant to Section 17(d) of the MSA, Aetna is under no obligation to accept any request from APEMT to process runoff claims upon an early termination, particularly in circumstances where the MSA is wrongfully terminated or terminated as a result of APEMT's payment default.  Under the MSA, payment of a runoff fee is a precondition to Aetna's acceptance of any request to process runoff claims, and the applicable runoff period under the MSA is limited to twelve (12) months from termination.

Please be advised that any purported termination of the assumed MSA by APEMT prior to the conclusion of the Initial Term constitutes a material breach of the MSA.  Aetna has not agreed to provide any post-termination runoff services under the MSA and has no obligation to do so, particularly in the event of payment defaults and the additional damages that will arise upon APEMT's wrongful termination.  While the Plan proposes to pay Aetna certain runoff fees, Aetna observes that (i) Aetna did not agree to provide runoff services, (ii) the Plan proposes to pay runoff fees at the conclusion of runoff services, not prior to commencement of runoff services as required by the MSA, and (iii) the Plan miscalculates the applicable runoff fee (the correct amount would be $2,283,927).  APEMT's efforts through the Plan to impose substantial burdens and liability on Aetna in a manner inconsistent with the assumed MSA render the Plan unconfirmable.

APEMT's admitted inability to fund Medical Claims and stated intent to terminate the MSA effective December 31, 2021, likely constitute an anticipatory breach of the MSA.  Aetna's resumption of processing Medical Claims is without waiver of its right to assert such anticipatory breach and other defaults under the MSA.  Aetna's remedies in connection with all such breaches and defaults are expressly preserved.

Please contact me if you would like to discuss this letter.

Very truly yours,

Aaron G. McCollough

cc: Daniel M. Stolz, Esq.
Payam Khodadadi, Esq.