

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

Daniel M. Stolz, Esq.
Partner
Member of the NJ Bar
dstolz@genovaburns.com
Direct:  973-230-2095

September 8, 2021

Aaron G. McCollough, Esq.
McGuire Woods
amccollough@mcguirewoods.com

Re:    **Affiliated Physicians and Employers Master Trust - Case No. 21-14286
Notice of Processing Claims and Reservation of Rights; Notice of Default
<u>Our File No. 24718.003</u>**

Dear Aaron:

I am in receipt of your letter of September 7, 2021.  Initially, I find it curious that, not having heard from you since you transmitted your unreasonable demands for amendments to the Plan of Reorganization, you would issue an unwarranted Notice of Default, without prior discussion.

With regard to your assertion that APEMT has not paid the administrative service fee for July, I am informed that this assertion is in error.  The July fee has been paid and preparations are being made for payment of the August administrative fee.  Further, I have been advised that the pharmacy claims have been funded in a timely manner throughout.

I find it odd that you make reference to $100 million of pending medical claims.  First of all, in pleadings filed with the Bankruptcy Court, you have asserted that Aetna has no liability for payment of those claims, so I am unaware of why you would assert the accumulation of those claims as an event of default.  Second, as I am sure you and your client are aware, the dollar amount of pending claims that Aetna is reporting is inflated and inaccurate.  Concord has repeatedly asked for Aetna to provide us with the amount of claims utilizing the contracted provider discounts.  We also believe that the reported claims includes a huge amount of duplicate claims.  Again, Concord has requested that Aetna review and isolate duplicate claims.  I am informed that Aetna has advised Concord that it is unable to accomplish either of these tasks under its operating system.  Therefore, even if we were prepared to start funding claims, we would be unable to do so until the discounts



Aaron G. McCollough, Esq.
September 8, 2021

Page 2

were applied and the duplicate claims were eliminated. Lastly, Concord, on behalf of the Plan, has been in discussions with your staff and collectively they have agreed that processing can be done as funds are received and sent in batches. Please consult with Aetna staff on this matter.

As you are aware, we are pursuing an assessment against the employer members of APEMT and have begun collecting substantial funds. We have also instituted suit against the Internal Revenue Service, in an attempt to obtain further funds to allow payment of all claims and all administrative fees owed to Aetna.

It is clear to me that your letter results from our refusal to include self-serving and unwarranted protections for Aetna under our straightforward Subchapter V Plan of Reorganization. I strongly suspect that this overreaching approach came from counsel, not the business persons at Aetna. I recommend that you and your client re-evaluate your intended course of action and retract your letter of September 7, 2021. Please be guided accordingly.

Very truly yours,

GENOVA BURNS, LLC.

DANIEL M. STOLZ

DMS:ms

cc: Lawrence Downs JD CEO   ldowns@msnj.org
cc: John McSorley   jmcsorley@concordmgt.com
cc: Dawn Clessuras   dclessuras@concordmgt.com
cc: Bridget Gielis   bgielis@concordmgt.com
cc: William F. Megna, Esq.   wmegna@genovaburns.com
cc: Donald W. Clarke, Esq.   dclarke@genovaburns.com
cc: Scott Freedman, Esq.   sfreedman@dilworthlaw.com
cc: Ivette Maddi   Maddi.Ivette@dol.gov
cc: Richard Corrado   Corrado.Richard@dol.gov
cc: Brian W. Hofmeister, Esq.   bwh@hofmeisterfirm.com